[Sac. No. 4542. In Bank.—July 5, 1932.]

FRANK B. NELSON, Appellant, v. ELIZABETH NEL-SON, Respondent.

James F. Gaffney and H. W. Zagoren for Appellant.

Huston, Huston & Huston for Respondent.

CURTIS, J.—This action is between a brother and sister. The suit involves the ownership of two tracts of land situated in the county of Yolo. The land formerly belonged to the brother. While such owner, and on or about December 11, 1926, the brother executed two deeds of the said land in favor of his sister. It is contended by the plaintiff that these two

deeds, with a power of attorney executed by him to his sister at or about the same time the deeds were executed, were executed and delivered by him to his sister for the purpose of enabling her to secure a loan upon said real property with the proceeds of which she was to discharge indebtedness of the plaintiff to various persons, included in which was a judgment against said plaintiff which was then a lien against said two parcels of land. After securing said loan, and the discharge of plaintiff's said indebtedness, so the plaintiff claims, the defendant was to reconvey said land to the plaintiff. The plaintiff further contends that his sister, after acquiring title to said lands by means of said deeds, did obtain loans, which were secured by liens upon said land, and from the proceeds of said loans, and from the rents, issues and profits derived from said real property since she acquired title thereto, has paid off the indebtedness, including said judgment lien for which the plaintiff was liable at the time he conveyed said real property to the defendant, and has collected further rents, issues and profits from said lands in the amount of $60,000, which sum defendant has appropriated to her own use, and, furthermore, that she has repudiated her agreement to reconvey said lands to the plaintiff, and claims the same as her own property.

On the other hand, the defendant contends that due to the fact that plaintiff was deeply in debt and was about to lose said real property by reason of his indebtedness, including the judgment which was a lien upon said real property at the time the plaintiff conveyed the same to her, plaintiff solicited and importuned the defendant to accept said deeds to said real property as conveyances of the absolute title thereto to the defendant and as her sole and individual property free from any claim or right of plaintff thereto; that in response to this request of the plaintiff, defendant agreed to and did thereafter accept conveyances to said real property, which were absolute in form, and which were intended to and which did transfer the legal title to said real property to the defendant as her sole and individual property, free from any right therein of the plaintiff, and that on acquiring title to said real property defendant paid and satisfied the indebtedness of the plaintiff, and as the said real property had been sold under execution issued

upon said judgment and a sheriff's deed had been issued to the purchaser, defendant acquired by a valid deed of conveyance said real property from the purchaser at the execution sale. The case went to trial upon these issues as made by the pleadings. The trial court upon the issues thus presented found in favor of the defendant, and rendered judgment accordingly against the plaintiff, from which judgment the plaintiff has appealed.

As we view the record, the only question presented on this appeal is one of fact. It is true that the evidence of the plaintiff, corroborated in some respect by the attorney who drew the two deeds from plaintiff to defendant by which he conveyed said real property to defendant, would support the contentions of the plaintiff. Yet this testimony is flatly contradicted by the evidence of the defendant, who testified that the deeds were executed as absolute conveyances of said real property, and without any agreement, express or implied, on her part to reconvey the same to the plaintiff. The evidence further shows that just prior to the execution of said deeds to defendant the plaintiff requested his mother to accept said property upon the same terms plaintiff later deeded the lands to defendant, but that his mother refused to accept his offer, giving as a reason that she had once held property belonging to the plaintiff in her own name at the request of the plaintiff and that the plaintiff, without any demand or request for a reconveyance of said property to him, had brought suit for the recovery thereof, and that she, the mother, would have nothing further to do with plaintiff's affairs. The responsibility of weighing this evidence and determining the credibility of the witnesses testifying before it was with the trial court. It is not within the province of this court to set aside the conclusions of the trial court where there is substantial evidence to support it. There can be no question but that the record in this case contains sufficient and satisfactory evidence to support the claim of the defendant that the plaintiff made an absolute conveyance of said lands to her, and intended thereby to divest himself to all title thereto.

A further important fact shown by the evidence in this case is that the plaintiff on March 4, 1927, nearly three months after the execution of said two deeds, executed and delivered to the defendant a written instrument in which

he expressly disclaimed any "claim of any kind or character to said property, or any part thereof". The property thus referred to was in the prior portions of said written instrument conclusively identified as the real property described in said two deeds from plaintiff to defendant. Plaintiff admits the identity of the property mentioned in said written instrument, and also admits the execution and delivery of said written instrument. He claimed, however, and so testified, that he did not know the contents of said written instrument, and that he had not read the same prior to signing it. Upon this point the defendant testified that she gave the written instrument to the plaintiff in his hotel room at Lovelock, Nevada, that they there discussed the nature of the instrument, that he took it and left for his attorney's office, and that later he came back with the instrument signed. This evidence was sufficient to refute the testimony of the plaintiff that he did not know the contents of the instrument before signing it. He surely had every opportunity to inform himself of the nature and purpose of the instrument before affixing his signature thereto. If he neglected to do so, it is now too late for him to complain. He is bound by its terms.

We have reviewed the proceeding upon the motion for a new trial, and find nothing therein which would justify us in holding that the trial court abused its discretion in denying said motion.

The judgment is affirmed.

Langdon, J., Preston, J., Tyler, J., *pro tem.*, Seawell, J., and Waste, C. J., concurred.